CHILDRESS, ADMINISTRATOR, ETC. *vs.* DAVIS AND WEBB.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, FOR THE PARISH OF ST. HELENA, JUDGE JONES, OF THE DISTRICT, PRESIDING.

A person suing as administrator may, if the evidence shows it, recover the sum claimed, in his own individual right.

The plaintiff sues as administrator of Jacob Smith, deceased, to recover from the defendants the sum of one thousand one hundred and one dollars, the price of a tract of land adjudicated to G. Davis, at the probate sale of Smith's estate, in September, 1836, who gave Thomas Webb as his surety. He alleges, that he was appointed administrator while a resident of the parish of St. Helena, but that he now resides in the parish of St. Tammany. He prays judgment against the defendants, *in solido*.

The defendants denied that the plaintiff was administrator of Jacob Smith's estate, which they aver was a vacant estate, and could only be administered by a curator, and that one had been appointed. Various other matters were pleaded, but no proof of them made on the trial.

It seems that, soon after Smith's succession was opened, one B. Spellar was appointed curator; and that in January following, he presented his account and prayed to be discharged, and which was homologated, without opposition, in the ensuing August. Before the discharge of the curator, the plaintiff was appointed administrator, the 20th June, 1837. He rendered his account on the 19th November, 1838. In the meantime the heirs of Smith appeared, were recognized, and sold and conveyed all their right and interest in his succession, to one G. T. Raoul, for five thousand dollars, by public and authentic act, the 14th March, 1837; who sold and conveyed the same to Paris Childress, the plaintiff, for the same sum, by notarial act, the 27th April, 1837; and at a special Probate Court, held for the parish of St. Helena, the 13th September, 1838, said property was confirmed to P. Childress, as the true and lawful owner

thereof. This suit was instituted 6th April, 1838; so that Childress was both administrator and proprietor of Jacob Smith's succession, at the time of bringing suit. There was judgment in his favor, and the defendants appealed.

EASTERN DIST.
*June*, 1840.

CHILDRESS,
ADM'R. ETC.
*vs.*
DAVIS & WEBB.

*Hennen*, for the plaintiff, insisted on the affirmance of the judgment, with ten per cent. damages, and costs.

No counsel appeared for the appellants.

*Morphy, J.*, delivered the opinion of the court.

This suit is brought to recover the price of a lot of ground, purchased by Goodwin Davis, at the sale of the estate of Jacob Smith, and for the payment of which, Thomas Webb had obligated himself as surety. The defendants, among divers matters of defence set up in their answer, but not attempted to be made out on the trial, pleaded that plaintiff could not recover as administrator, because the estate of Jacob Smith was a vacant estate, and could be represented only by a curator; that said vacant succession was under the management of a curator at the time, and more than three months after the plaintiff's public appointment as administrator; that the estate of Jacob Smith had been taken from the custody and control of plaintiff, by an order of the Court of Probates, and delivered up to certain individuals claiming to be the heirs of the deceased; that if plaintiff had ever been legally appointed administrator, he was without power to sue, or do any other act in the said capacity, having rendered his accounts as such. There was judgment for the plaintiff, and defendants appealed.

The evidence adduced by defendants, if it shows, as they contend, that the plaintiff is without capacity to sue as administrator, establishes, at the same time, that he purchased all the rights of the legal heirs of Jacob Smith, and that he is, therefore, entitled to the sum claimed in his own right. Although he has sued for it as administrator, nothing should prevent him from recovering the money due to him individually. 2 *Martin, N. S.*, 17, *Mc Greer* vs. *Browder*; 10 *Martin*, 464.

*A person suing as administrator, may, if the evidence shows it, recover the sum claimed, in his own individual right.*

The appellee prays for damages for the frivolous appeal; we think him entitled to them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs, and five per cent. damages.